WILLIAM BUCHAN, PLAINTIFF, v. JOHN CHISMAR, DEFENDANT.

Decided July 11, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the rule, *John E. Toolan.*

*Contra, Thomas Brown.*

PER CURIAM.

The plaintiff brought suit to recover compensation for injuries resulting from a collision between a motorcycle, upon which he was riding, and the car of the defendant. The accident occurred on Grace avenue, in the city of Perth Amboy. The proofs showed that the defendant was returning from church at the time of the accident; that when he reached a point on Brace avenue, opposite the driveway to his own home, he stopped on the farther side of the road to permit a friend, who was riding with him, to leave the car; that after his friend had disembarked, the defendant started his car up to swing across the street into his driveway; that while doing this the plaintiff, who was a policeman in Perth Amboy, and who was riding upon his motorcycle along the street in the same direction in which the defendant had been traveling, ran into the latter's car. The plaintiff's claim was that the collision was due to the negligence of the defendant and was not in any degree the result of negligence on his part. Whether this was the fact depended upon whether the story of the accident told by the plaintiff was a true description of the conditions under which it occurred, or whether that told by the defendant and his witnesses was true. Evidently the jury believed the testimony of the defendant's witnesses, or at least considered that the proofs showed that the accident was due partly to the negligence of the plaintiff, and having reached this conclusion they rendered the verdict for the defendant the validity of which is now challenged by the plaintiff.

The only ground upon which we are asked to set this verdict aside is that it is contrary to the weight of the evidence. Our examination of the testimony sent up with the rule satisfies us that the jury was justified in its finding that the collision was due in part, if not altogether, to the negligence of the plaintiff, and for this reason we conclude that the rule to show cause should be discharged.